# THOMAS J. MCELHENNY v. D. C. THIELEPAPE ET UX

No. A-5257. Decided January 11, 1956.
Rehearing overruled February 8, 1956.
(285 S.W. 2d Series 940)

*McKay & McKay, Charles N. Avery, Jr.,* and *John J. McKay,* all of Austin, for Petitioner.

The Court of Civil Appeals erred in holding that there was evidence of probative force which would support a jury finding that petitioner was guilty of negligence, and in holding that the dangers complained of were not open and obvious. Wells v. Texas Pac. Coal and Oil Co., Texas Com. App., 164 S.W. 2d 660; Camp v. Kirkpatrick Co., 250 S.W. 2d 413; Texas & Pac. Ry. Co. v. Shoemaker, 98 Texas 451, 84 S.W. 1049.

*Cecil C. Rotsch* and *John D. Coats,* both of Austin, for respondents.

In response to petitioners points of error cited, Stockberry v. Swann, 85 Texas 563, 22 S.W. 963; Johnson v. Peckham, 132 Texas 148, 120 S.W. 2d 786; Walgreen-Texas Co. v. Shivers, 137 Texas 493, 154 S.W. 2d 625.

MR. JUSTICE WILSON delivered the opinion of the Court.

This is a suit for personal injuries sustained by Mrs. Thielepape when she fell in a waiting room of the defendant doctor, a pediatrician. At the conclusion of plaintiff's evidence, the trial court granted defendant's motion for an instructed verdict and entered judgment that plaintiff take nothing. This has been reversed and the cause remanded by the Court of Civil Appeals. 276 S.W. 2d 579.

Mrs. Thielepape had taken her children to the defendant physician and was sitting in the defendant's reception room awaiting her interview with him. As such she was a business invitee on defendant's premises which status imposes upon defendant the duty to use reasonable care to keep the premises in a reasonably safe condition. Renfro Drug Co. v. Lewis, 149 Texas 507, 235 S.W. 2d 609. But the owner is not an insurer and the owner of premises has no duty to protect an invitee against dangers which are well known and obvious. Hall v. Medical Bldg. of Houston, 151 Texas 425, 251 S.W. 2d 497.

Plaintiff sat on a window seat so that she could observe one of her children playing in the yard. To her immediate left and on the floor was a children's glider or swing consisting of two seats facing each other and mounted on a platform which glided

back and forth parallel to the floor. After she took her seat a child moved a small chair near her on her right. After she had waited about an hour a nurse came from the doctor's officie, stood across the room from Mrs. Thielepape and motioned to her to come into the doctor's office. She picked up her baby, arose, and started between the glider and the chair. Two children had been playing on the glider for some time. She had observed it moving back and forth about six inches and thought she had room to pass between the chair and the glider. The glider struck her and she fell sustaining injuries for which she sues.

The specific counts of negligence alleged by plaintiff are as follows:

"1. By placing said swing in the reception room;

"2. By placing said swing at the place it was located in the reception room;

"3. By failing to place a sign on said swing warning patients and other persons in the reception room to look out for the swinging swing;

"4. By failing to keep a lookout for children swinging said swing;

"5. By failing to warn persons in the reception room that said swing might swing and hit them;

"6. By asking Mrs. Thielepape to come into the examination room by a passageway going by said swing;

"7. By signaling Mrs. Thielepape to come into the examination room by a passageway going by said swing;

"8. By not accompanying Mrs. Thielepape as she went from the reception room into the examination room."

We hold as a matter of law that there is no duty supporting negligence.

Under plaintiff's allegations of negligence Nos. 2, 6, and 7 above the Court of Civil Appeals places liability upon the nurse's summoning Mrs. Thielepape to walk through a narrow path into a moving object protruding into a passageway. This

is upon analogy to the situation in Hall v. Medical Bldg. of Houston, supra, and cases there discussed. There a door opened outward and a person walking past it was struck and injured by the sudden and unexpected opening of the door. We do not think this an analogous situation. The defendant's room was open. All Mrs. Thielepape had to do in order to have plenty of walking room was to move a small chair placed by a child to her immediate right while she was sitting there. The glider itself is not an inherent or dangerous instrumentality. Its movement was little more than that of a rocking chair. Plaintiff had observed children playing on it for almost an hour and knew that it moved back and forth. If this glider be held to be a dangerout instrumentality then almost any furniture with moving parts would fall into this category.

There is another distinction between this and the Hall v. Medical Building of Houston case. There the swinging door was opened suddenly and quickly from the other side and without plaintiff's knowledge. It protruded out into the passageway and struck plaintiff. Here Mrs. Thielepape had observed the movement of the glider and could easily have obtained sufficient walking room to avoid it by moving the small chair to her immediate right.

■ The defendant as owner of the premises is not an insurer of the safety of public invitees and cannot be held to the duty of foreseeing the various combinations of position into which his invitees will arrange movable chairs.

We hold as a matter of law that the swing or glider is not in itself a dangerous instrumentality. Since the plaintiff had herself observed the movement of the glider for some little time, she needed no warning that it was a moveable piece of furniture would not have prevented the accident. Plaintiff testified that although she knew it would swing six inches, she did not know it would swing more than that, and she argues from this that the danger was not obvious. In Hall v. Medical Building, the plaintiff knew the door was there but did not know which way it opened or how suddenly it could be opened. Here the danger came from a combination of the swing and the position of the small chair which was placed there by a child. There was no passageway as that term is used in other cases and the only reason plaintiff had to walk close to the glider was her failure to move the small chair. There is no evidence of prior accidents or of defect in equipment as in the Medical Building case. Defendant was under no duty to accompany an able-bodied person

through a normal room. Accordingly the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered January 11, 1956.

Rehearing overruled February 8, 1956.