**J. WEINGARTEN, INC., Petitioner,**

v.

**Patsy Ruth RAZEY et vir, Respondents.**

No. B–330.

Supreme Court of Texas.

April 3, 1968.

Vinson, Elkins, Weems & Searls, Raybourne Thompson, Jr., and Jeff Crane, Jr., Houston, for petitioner.

Freeman M. Bullock and W. C. Shead, Houston, for respondents.

HAMILTON, Justice.

This is an action by Patsy Ruth Razey and husband, Respondents, to recover damages for personal injuries resulting when Mrs. Razey slipped and fell on the sidewalk during a heavy rain outside a grocery store owned and operated by J. Weingarten, Inc., Petitioner. The judgment of the trial court awarding the Plaintiffs' damages on the jury verdict was affirmed by the Court of Civil Appeals. 414 S.W.2d 532. We reverse and remand.

The evidence considered in the light most favorable to the jury verdict shows that potted flowers and shrubs were exposed for sale in a border along the covered concrete walkway in front of the main store and adjacent to the parking area; displayed plants were rooted in soil, many in metal cans of one to three gallon capacity, and others in boxes with some of the larger varieties of shrubs having their roots balled in moss and burlap wrapped. All plants were outside the store proper and divided into sections leaving occasional openings or aisles of about twenty-four (24) inches in width for customers to enter upon the covered

walkway or porch from the parking lot. Some of the plants were under the covered porch and some were outside. The roof was of a height that permitted falling rain to be swept by air currents so as to fall upon plants and their containers.

The stock plants had been arranged and displayed for sale for a period of two months prior to the time Mrs. Razey alighted from an automobile at the edge of the parking area and proceeded toward a store entrance passing near one of the roof support columns, and along an aisle separating the plants and on to the covered walkway. There was a heavy downpour of rain preceding and at about the time of Mrs. Razey's appearance at the store. Mrs. Razey fell in the aisle on the concrete and was injured. A light skim of mud and silt was observed by her husband on the surface of the walkway at the place she fell. No source of mud and silt in the vicinity except the plant containers is suggested by the evidence.

■ The jury found that there was mud or silt at the time and place where Respondent, Mrs. Razey, fell; and that it came from the potted plants near such place. It found, also, that the failure of petitioner to remove the potted plants before respondent fell was negligence and proximate cause. The jury found, further, that the failure of petitioner to remove such mud and silt before the occurrence in question was negligence and proximate cause. Petitioner assigned as grounds for a new trial that there was no evidence to support the jury's finding to either of the negligence issues and has preserved these points on appeal. Admittedly the respondent was a business invitee on the occasion in question. We recognize the rule that the occupier of premises holds a duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees, or to warn of the hazard. This Court has

at least three times cited with approval Section 343 of the Restatement of Torts.[1] As applicable here that section provides:

" 'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereof if, but only if, he

" ' (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and

" ' *   *   *

" ' (c) invites or permits them to enter or remain upon the land without exercising reasonable care

" '(i) to make the condition reasonably safe, or

" '(ii) to give a warning adequate to enable them to avoid the harm.

*   *   *' "

It appears that each spring petitioner customarily displayed nursery plants across the front of its store, extending some seventy or eighty feet. Prior to the occasion in question they had been displayed there for two months. It knew that the plants would be exposed to the rain. However, there is no evidence of any kind that petitioner realized, or should have realized, that the display of the nursery plants in the way that they were displayed involved an unreasonable risk or hazard to its invitees. Neither is there any evidence that petitioner knew the silt and mud was on the walkway prior to the fall of respondent. Nor was there evidence that the substance had been on the walkway such a length of time that petitioner should have discovered it. It is apparent that if the rule we have quoted above from the Restatement of Torts is applicable to the statement of facts we have before us then respondents cannot recover, because they did not even attempt to

1. Western Auto Supply Company v. Campbell, 373 S.W.2d 735 (Tex.Sup.1963); Smith v. Henger, 148 Tex. 456, 226 S.W. 2d 425, 20 A.L.R.2d 853 (1950); Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 376 (1948).

supply the necessary evidence upon which liability could be predicated.

The Court of Civil Appeals recognizes this lack of evidence but takes the position that the respondents are not required to make such proof in this case, and holds,

> "By common knowledge the operator knew, or should have been aware, that during the two or more months the plants were displayed that rains would probably fall and wash over plants and containers, and that soil and silt laden rainwater would probably drain off, particularly from the balled and burlapped plants, and trickle into the display aisles."

We have been unable to conclude that by common knowledge the petitioner should have realized that the manner in which it displayed its nursery plants, prior to the occasion in question, created an unreasonable risk to its invitees. There are no facts in the record upon which we can base such a conclusion. While petitioners should have anticipated that rain would probably fall and wash over plants and containers from which rainwater would flow on to the walkway, it does not necessarily follow as a matter of common knowledge that such rainwater would be soil and silt laden. The burlap wrapped plants were balled in moss instead of dirt, consequently it is not likely that mud and silt would come from them. There is no evidence as to how deep the top of the soil was from the top of the containers, or if the soil was heaped around the plants and above the top of the containers. If the later condition existed the soil may have very well washed over the top of the container. On the other hand, if the top of the soil was substantially below the top of the container it probably would not do so. There is no evidence in the record as to the type of soil in which the plants were potted. It may have been the type of soil that when an excess amount of water is added to the pot or container water would seep through the soil and out drainage holes at the bottom of container in the form of clear water, as spring water comes from the earth, rather than laden with mud and silt.

While the evidence of respondents that mud and silt was on the walkway in the vicinity of the plants, and the circumstantial evidence that it came from the potted plants is sufficient to support the findings of the jury on those issues, such findings cannot form the basis of a conclusion that such condition resulted as a natural consequence of rain falling on potted plants; and that petitioner, therefore, should have realized that his invitees were exposed to an unreasonable risk. In fact, the very existence of mud and water on the walkway where respondent fell was vigorously contested by the petitioners. There were three witnesses, the manager, assistant manager, and stockkeeper or porter, who testified that they examined the walkway soon after the fall, not only in the place where respondent fell, but along the entire seventy or eighty feet of walkway where plants were displayed, and they found plenty of water but no mud or silt anywhere. Conceding that there was mud and silt where respondent fell, as we must, the undisputed evidence that there was no mud or silt around any of the many other plants which were subjected to the same rain would indicate that what happened was an unusual occurrence.

We hold that the necessary proof to establish negligence in the failure to remove the mud and silt from the walkway prior to the respondent's fall, and in the failure to remove the potted plants prior to such fall, cannot be supplied by common knowledge. We sustain, therefore, petitioner's contention that there is no evidence to support the jury's affirmative answers to the negligence issues. While petitioner prays for a reversal of the judgments of the courts below and for the rendition of a judgment in its favor, we do not have before us the appellate predicate for a rendition. While petitioner filed a motion for instructed verdict, it did not assign as error

in its motion for a new trial the action of the trial court in overruling such motion; therefore, the cause must be remanded for new trial. Tex.R.Civ.P. 325; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).