J. WEINGARTEN, INC., Appellant,

v.

Charles BRADSHAW, Appellee.

No. 15404.

Court of Civil Appeals of Texas.
Houston (1st Dist.)

Feb. 27, 1969.

Rehearing Denied March 20, 1969.

**436**

Vinson, Elkins, Searls & Connally, Raybourne Thompson, Jr., Houston, for appellant.

Gordon J. Kroll, Hellmut A. Erwing, Houston, for appellee.

COLEMAN, Justice.

This an appeal from a judgment for the plaintiff in a "slip and fall" case. The appellant contends that there is no evidence that appellant or its employees placed on the floor the liquid in which appellee slipped, or that the liquid had been on the floor for such a length of time as to have been found by a reasonable inspection, so that the trial court erred in failing to instruct a verdict in favor of appellant.

Appellee testified that as he was walking in the produce department of the J. Weingarten, Inc., store located at Stella Link and South Braeswood in Houston, Texas, both of his legs went out from under him and he fell, injuring his arm. Although he was paying close attention to where he was walking, he did not see the substance in which he slipped. While lying on the floor he saw that the substance was clear water. The floor was sort of a white color. A store employee mopped the water after he fell.

Several of appellant's employees, who were present in the store when the accident occurred, testified. No one saw the water prior to the fall. There is no direct testimony that the water was placed on the floor by one of appellant's employees. There is no testimony from which it could be inferred that that water had been on the floor for such a length of time as to have been found on a reasonable inspection.

The only testimony from which an inference could be drawn that the water was placed on the floor by one of appellant's employees is testimony that the floor was mopped at about 8.30 prior to the accident at 10:30. The testimony is that the floor was mopped with water. Then the mop was squeezed dry and the floor was again mopped. There was testimony that the moisture remaining would evaporate in about ten minutes. One witness testified that he had seen the floor moist or still wet from cleaning as late as 10:00 on several occasions, but that on these occasions the floor was not wet from the original morning cleaning.

The store opened at 8:30 a. m., but business was light on Monday mornings. Only one other customer was in the produce area

at the time of the fall. A witness testified that she had swept the area about thirty minutes prior to the fall and neither saw nor felt water on the floor. One witness identified the substance in which appellee fell as spittle rather than water. The fall was not in the area adjacent to the vegetables which were kept moist. A witness testified that the water occupied an area about 3½ inches in length. Two of the witnesses testified that it was just a spot, one estimating its size as about an inch in diameter, another as being about that of a half dollar.

There is no testimony that residual water from the regular mopping operation had ever been noticed two hours after the operation was completed. The store had been open for two hours and there were customers in the store. There was testimony that sometimes customers spit on the floor. There is no testimony that there was a subsequent mopping operation. The manager testified that he had checked the area prior to the fall and saw no water.

■ In this case it was necessary that plaintiff show either (1) that the defendant put the foreign substance upon the floor, or that the defendant knew the foreign substance was on the floor, and wilfully or negligently failed to remove it, or (2) that the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care. O'Neal v. J. Weingarten, Inc., 328 S.W.2d 793 (Beaumont Civ.App.1959, n. r. e.); Del Camino Courts, Inc. v. Curtice, 323 S.W.2d 355 (El Paso Civ.App.); Beard v. Henke & Pillot, Inc., 314 S.W.2d 844 (Beaumont Civ.App. 1958); F. W. Woolworth Co. v. Bell, 291 F.2d 912 (5th Cir., 1961).

There is no evidence that appellant knew that the foreign substance was on the floor, or that it had been on the floor for such a period of time that it could have been discovered and removed prior to the accident, unless there is evidence that the foreign substance was water which remained on the floor after the 8:30 mopping operation. The same evidence must be relied on to show that appellant put the foreign substance on the floor.

There is evidence that the floor was mopped with clear water about 8:30 o'clock on the morning of October 18, 1965, and that appellant slipped and fell at 10:30 thereafter. There is no other evidence favorable to appellee on the negligence issue.

There is considerable unfavorable testimony from various employees of appellant. The plaintiff introduced the testimony of Jerry Harbour, one of the appellant's employees. Mr. Harbour testified that the floor is ordinarily mopped about 8:30 a. m. and that he had never seen any water remaining from this procedure as late as 10:00 a. m. He also testified that ordinarily the floor was cleaned one time a day —in the morning. He testified that the substance Mr. Bradshaw slipped in was water. He had no idea how long the water had been there or where it came from. He testified that the floors are never especially dirty because they are given constant attention. He had seen moisture on the floor during the day after 10:00 a. m., but not from the original mopping. He had seen moisture on the floors after customers had been permitted to enter the store.

■■ It is the duty of the trial court, on proper motion, to instruct the jury to return a verdict, or to withdraw a case from the jury and render judgment, when there are no disputed issues of fact, or when there is no evidence to support an issue necessary to the plaintiff's cause of action. This is true even though there is some slight testimony, if its probative force is so weak that it raises only a surmise or suspicion of the existence of the fact sought to be established. If the evidence is such that the jury could not reasonably infer the existence of the necessary fact, there is no evidence of that fact. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898).

■ The evidence presented here does no more than raise a mere suspicion or surmise that the substance on which appellee slipped was water placed on the floor by one of appellant's employees some two hours before the accident. The jury might have speculated that there was a subsequent mopping operation, or that the substance was the result of a customer spitting on the floor, because there was testimony that those things happened at times. Before evidence can support an inference from circumstances, facts must be produced which will do more than merely raise a suspicion or surmise that another fact may exist. The trial court erred in failing to sustain appellant's motion for instructed verdict. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.1968); Texas Employers Insurance Ass'n v. Mints, 10 S.W.2d 220 (Austin Civ.App.1928, no writ hist.).

The judgment of the Trial Court is reversed and judgment is here rendered for appellant.