MINNEHOMA FINANCIAL COMPANY, INC., Appellant,

v.

Orris W. BOWEN, Individually and d/b/a Bowen Mobile Home Sales, Appellee.

No. 6444.

Court of Civil Appeals of Texas, El Paso.

Sept. 17, 1975.

Friedman, Ehrlich & Rosen, Stanley Rosen, El Paso, for appellant.

John H. Whitaker, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves a suit by a finance company against a mobile home salesman for interest and finance charges, and a cross-action to recover loan reserves. Based upon a jury verdict, judgment was entered for recovery on the cross-action. We reverse and remand for a new trial.

In its first amended original petition, Appellant alleged a breach of contract by Appellee, and upon trial of the case it offered in evidence "Dealer's Application for Floor Plan Accommodation" executed by Appellee on November 10, 1967, and "Agreement for Purchase of Dealer's Installment Conditional Sales and Time Sales Contracts and Reserve Agreement" executed by Appellee on November 30, 1967. Under the latter agreement, the dealer guaranteed payment of all sums required to be paid under each contract purchased by and assigned to Appellant. Proof was offered to show default under one contract which resulted in a repossession deficiency of $1,806.50, plus bank drafting fees. In addition, proof was offered to show interest due under the floor plan contract of $1,401.53. After a payment credit of $689.84, Appellant contended it was entitled to recover $2,521.24.

On the other hand, Appellee by way of cross-action contended that he was entitled to recover $3,815.99 in his account for dealer's unearned discount, $1,045.30 in his dealer reserve account, and $700.00 in a special reserve account. The August, 1974, summary sheet of the parties' transactions showed contingent liabilities under outstanding contracts of $18,287.83, with a dealer reserve of $1,249.71, and dealer share of unearned discount of $2,794.14, but nothing for the special reserve. Under the November 30, 1967, agreement, Appellant could accumulate in a dealer reserve account up to 10% of the outstanding contingent liability of the dealer.

The jury found Appellee to have defaulted under the guarantee provision of its agreement with Appellant, but found no damages to have resulted. It also found Appellant owed Appellee "$3,766.63 less contingent liability" for a "credit reserve account," and $969.00 for a special reserve account.

Appellant by several points of error attacks the adverse jury findings. It also complains of the failure of the trial Court to submit certain requested special issues. The Appellee has filed no brief in this case.

We sustain the first four points of error which state that there is "no evidence" and "insufficient evidence" to support the jury findings that Appellant owed Appellee $3,766.63 less contingent liability for a credit reserve account.

As to the "no evidence" points, we consider only the evidence in support of the jury finding and disregard all other evidence. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). In passing on the "insufficient evidence" points, we consider the entire record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Although there was considerable evidence as to the dealer reserve, the special reserve and the unearned discount, we find neither exhibits nor testimony as to a "credit reserve account," nor is there any evidence as to the basis for such account or the amount of such account. We have found no combination of figures from any of the exhibits, nor any of the testimony which supports the jury finding of $3,766.63 in answer to Special Issue No. 4. None of the testimony and none of the exhibits, which relate to the dealer reserve, the special reserve or the unearned discount, identify such sums as a "credit reserve account," but instead all of the evidence relates directly to the various named accounts as identified on the Appellant's summary sheet with the amount of the contingent liability. Points of error one through four are sustained.

It is not necessary for us to pass on those points of error which complain about a failure to submit certain requested special issues. We have an affidavit from the Court Reporter that he could not find his notes which contained the requested issues. Without a bill of exception or other record to show the exact issues requested, this Court cannot determine that there was any error in refusing the requested issues. Nevertheless, since the case must be retried, it does appear that the issue, which the trial Court submitted on the issue of a debt arising from a default under the guarantee provision of the contract, did not submit an issue with regard to interest owed under the floor plan contract which appears to have been raised under the evidence, and upon retrial, if such issue is raised by the pleadings and the evidence, it should be presented to the jury for their determination.

Although we have sustained Appellant's "no evidence" points of error, the judgment of the trial Court cannot be reversed and judgment rendered for Appellant because the proper prejudgment predicate for a rendition does not exist in this case. *J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538 (Tex. 1968); O'Connor, Appealing Jury Findings, 12 Hous.L.Rev. 65, 70 (1974).

The judgment of the trial Court is reversed and the case is remanded to the trial Court for a new trial.