Mrs. Mae Belle NEWTON et
vir., Appellants,

v.

The GENERAL MANAGER OF SCUR-
LOCK'S SUPERMARKET both Individ-
ually and as Agent for Scurlock's Super-
market, Appellees.

No. 1135.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 30, 1976.

Rehearing Denied Jan. 26, 1977.

John W. Clark, Mission, for appellants.

John E. Lewis, Adams, Graham, Lewis, Jenkins, Jones & Graham, McAllen, for appellees.

## OPINION

BISSETT, Justice.

This is a slip and fall case. Trial before a jury commenced on March 1, 1976. At the close of plaintiffs' evidence, the trial judge granted defendants' motion for an instructed verdict and rendered a take nothing judgment in favor of defendants. Plaintiffs have duly and timely perfected an appeal from that judgment.

Plaintiffs, in points 1 and 2, contend that the court erred in granting the motion for summary judgment on the ground that there was no evidence of any negligent act or omission on the part of defendants, because there is evidence that the defendants: 1) placed the foreign object on the floor; 2) knew that it was on the floor and negligently failed to remove it; or 3) knew that it had been on the floor for an extended period of time; that it could or should have been discovered and removed by them in the course of ordinary care.

Mrs. Mae Belle Newton, plaintiff-appellant, entered defendants' store about 6:30 p. m. on May 5, 1975. After she had finished shopping and was pushing a grocery cart down an aisle towards a checkout counter, she said that her foot slipped and caused her to "spraddle"; she then looked around to see what had caused her to slip and noticed a substance on the floor of the store that was "reddish color" and "looked like a spot of blood that would run out of a chicken", and that she felt the substance when her foot slipped. There is nothing further in the record with regard to the substance, the size, nature or description thereof, how it got on the floor or how long it had been there prior to the time that plaintiff slipped.

David Silva, as assistant manager of defendants' store testified that at the time of the occurrence in question, there were several people around the checkout counter and that the store employees were busy. He further testified in response to the following questions:

"Q Okay. Now, what routine or schedule did you have for trying to keep food or spills or slick spots off the floor so that this wouldn't happen?

A We have one of the—we are three assistant managers. One is assigned to the floor at all times to check the floors.

Q What is your cleaning routine?

A We mop the floor every night.

Q Is that all?

A Yes.

Q Is there any cleaning during the day?

A   During the day, if we find anything we mop it up."

■ Since the trial court granted defendants' motion for an instructed verdict, we consider only the evidence most favorable to plaintiffs, the losing parties in the trial court, indulge against the judgment every inference that may be properly drawn from the evidence, and disregard all conflicting evidence and inferences. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.Sup.1970); *Bass v. General Motors Corporation*, 491 S.W.2d 941 (Tex.Civ.App. —Corpus Christi, 1973, writ ref'd n. r. e.).

■ A storekeeper is not the insurer of the safety of the invited customers who enter the store for the purpose of shopping. *McElhenny v. Thielepape*, 155 Tex. 319, 285 S.W.2d 940 (1956); *Great Atlantic & Pacific Tea Company v. Giles*, 354 S.W.2d 410 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.); *Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703 (Tex.Civ.App.—El Paso 1954, writ dism'd).

■ In a slip and fall case where the injury is caused by a foreign substance upon a floor which rendered it slippery, in order for the plaintiff to raise a fact issue to go to the jury for determination, he must introduce some evidence: 1) that the defendant placed the foreign substance on the floor, or; 2) that the defendant knew that the foreign substance was on the floor and willfully or negligently failed to remove it, or; 3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care. *Sherwood v. Medical & Surgical Group, Inc.*, 334 S.W.2d 520 (Tex.Civ.App.— Waco 1960, writ ref'd); *H. E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501 (Tex.Civ. App.—San Antonio 1949, writ ref'd n. r. e.). The mere fact that a foreign substance is on the floor of a store which caused the floor to become slippery is not sufficient to raise an inference that the storekeeper placed it there, or knew it was there and willfully or negligently failed to remove it, or that it had been there for such a length of time that it would have been discovered

and removed by the defendant had he used ordinary care. *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *H. E. Butt Grocery Company v. Tester*, 498 S.W.2d 683 (Tex. Civ.App.—Corpus Christi 1973, no writ); *Dill v. Holt's Sporting Goods Store*, 323 S.W.2d 644 (Tex.Civ.App.—Houston 1959, no writ).

■ There is no evidence in this case that defendants put the foreign substance (upon which Mrs. Newton slipped) on the floor, or that they had actual knowledge that the substance was on the floor, or that the substance had been on the floor for such a period of time that it would have been discovered and removed by defendants had they exercised ordinary care. Points 1 and 2 are overruled.

The evidence showed that after Mrs. Newton slipped, one of the checkers called David Silva, who came to the immediate area. He further testified that when he got to Mrs. Newton she was standing, that he approached her and asked her if she was alright and she said: "more shaken up than anything else". He saw the substance on which she had slipped, and cleaned it up himself with a paper towel.

■ Plaintiffs, in point 3, contend that the trial court erred in granting the motion for an instructed verdict because the wiping up of the foreign substance from the floor with a paper towel constituted a destruction, a concealment and a failure to produce evidence on the part of defendants, which raised a presumption that such destroyed evidence would have been adverse to defendants, and which presumption was some evidence of defendants' negligence. They rely on *H. E. Butt Grocery Company v. Bruner*, 530 S.W.2d 340 (Tex.Civ.App.— Waco, 1975, no writ) as authority for their contention.

This case is distinguishable on the facts from *Bruner*. There, the plaintiff struck her head when she fell and while lying on the floor, drifting in and out of consciousness, heard one of the defendant's employees tell another one to "get rid" of an onion

top on which the plaintiff had slipped. There was evidence that the onion top was "long and juicy" and that it looked like it had been "stepped on and mashed". At the hearing on the defendant's plea of privilege, the defendant did not produce the onion top or offer any evidence as to its condition immediately after the plaintiff's fall. The Court of Civil Appeals, in an opinion by a divided court, held that the intentional destruction of the onion top created a presumption that it would have shown that it was sufficiently "stepped on and mashed" as to lead to the conclusion that it had lain on the floor long enough for the defendant, in the exercise of ordinary care, to have discovered and removed it.

In *Bruner*, there was an intentional destruction of a physical object that caused the plaintiff to slip and fall; there was testimony that the object had been "stepped on and mashed", which, according to the majority opinion, raised the question:

> ". . . was it stepped on and mashed only by Plaintiff (in which event it may have been on the floor a very short time) or was it stepped on and mashed by one or more people in addition to Plaintiff (in which event it may well have been on the floor for a sufficient period of time in which Defendant by the exercise of ordinary diligence should have discovered and removed it)?"

The Court then reasoned:

> "Had the onion stalk been available as evidence and produced in court, this question might have been answered. . ."

The facts in *Bruner* are entirely different from those of this case. Here, there was no intentional destruction of evidence, but only the wiping up of a liquid on the floor, and there is no evidence that the foreign substance on the floor had been or might have been stepped in by others prior to the time Mrs. Newton stepped in it. No questions were asked of any witness who saw the substance shortly after Mrs. Newton slipped, concerning the appearance of the substance or of the surrounding area of the floor. Point 3 is overruled.

The judgment of the trial court is AFFIRMED.