Evelyn L. CLAYTON

v.

UNITED STATES of America.

Civ. A. No. CA 4-77-158.

United States District Court,
N. D. Texas,
Forth Worth Division.

Aug. 3, 1978.

Gary R. Moore, Byrom, Butcher & Moore, Fort Worth, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., William L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

MAHON, District Judge.

This is a slip and fall case which occurred at Carswell Air Force Base Commissary in Fort Worth, Texas. The suit is brought pursuant to the Federal Tort Claims Act (28 U.S.C. 1346(b) and 28 U.S.C. 2671, et seq.) since for the purpose of said act the Carswell Air Force Base Commissary is an agency of the United States. In accordance with the Federal Tort Claims Act, trial was to the Court without a jury. The law of the State of Texas determines if there is an actionable wrong committed by the defendant.

On May 15, 1976 while grocery shopping in the Commissary, plaintiff Evelyn Clayton suffered a fall in front of the red meat counter. Another shopper Sergeant Charles Lynch, though not witnessing the actual fall, did see Mrs. Clayton on the floor and assisted her in standing up. Sergeant Lynch subsequently testified by deposition that at this time he looked at the area of floor where Mrs. Clayton fell and noticed nothing unusual. Sergeant Lynch paused only briefly in assisting Mrs. Clayton then continued his shopping. Before his departure from the Commissary Mrs. Clayton obtained his name and address.

Mrs. Clayton testified that her fall was caused by a slippery place' on the floor of approximately 2 inches which was covered with a greasy substance. Mrs. Clayton further testified that after her fall and regain-ing her feet she examined the spot on the floor with her shoe and characterized it as slick and greasy.

After examining the floor by placing her shoe on the slick spot she summoned a butcher who in turn called the store manager. Upon the arrival of the store manager, plaintiff testified she pointed out the slick spot on the floor to the manager who examined the area. Mrs. Clayton then proceeded to the manager's office and called her home and requested her husband to pick her up. Plaintiff testified she was in pain at this time. When Mrs. Clayton's husband arrived, the plaintiff told her husband that she had fallen and injured herself in front of the red meat counter. Mr. Clayton went and observed the area where Mrs. Clayton had fallen. He testified that he observed a greasy substance on the floor near his wife's shopping cart, and that the substance seemed to be of a meat and bone composition. He further testified that after' he pointed out the greasy spot to the Commissary manager, he also pointed out the greasy spot to a butcher in the area. According to Mr. Clayton's testimony, given without objection from the defendant, the butcher identified the greasy spot substance as meat and bone off of the saw in the back room and tracked out from the back room on the foot of an employee. Mr. Clayton also testified that he observed the same greasy substance on his wife's shoe.

Mrs. Clayton was then taken by her husband from the store to a hospital emergency room, subsequently dismissed, but later readmitted to hospital care for a compression fracture of the head of the left humerus and femur. She now seeks damages for loss of past and future wages, past and future pain and suffering, hospital costs and medical doctor costs.

■ In Texas a slip and fall premises case of the type presented by the facts in this case is tried under ordinary negligence and comparative negligence theories. Plaintiff relies on *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978) as establishing this principle through its landmark abolishment of the no-duty doctrine in Tex-

as. Actually *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975) established clearly that in premises cases involving a landowner and an invitee who enters on another's land with the owner's knowledge and for the mutual benefit of both the negligence principles of whether the plaintiff and defendant acted reasonably are applied.

■■■ It is the law that a storekeeper is not the insurer of the safety of the invited customers who enter the store for the purpose of shopping.[1] *Newton v. General Manager of Scurlock's Supermarket,* 546 S.W.2d 76, 77 (Tex.Civ.App.—Corpus Christi 1977, no writ); *H. E. Butt Grocery Co. v. Tester,* 498 S.W.2d 683 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Franklin v. Safeway Stores,* 504 S.W.2d 514 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Foodway, Inc. v. Lopez,* 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); *Furr's, Inc. v. McCaslin,* 335 S.W.2d 284 (Tex.Civ.App.—El Paso 1960, no writ). However, a duty of reasonable care is owed by an owner of premises to an invitee. *J. Weingarten v. Razey,* 426 S.W.2d 538 (Tex. 1968); *Safeway Stores, Inc. v. Leck,* 543 S.W.2d 207 (Tex.Civ.App.—Waco 1976, no writ); *Rosas, supra* at 536. It is the duty of the storekeeper to exercise ordinary care to maintain the premises in a reasonably safe condition. *J. Weingarten v. Razey, supra; Franklin v. Safeway Stores, Inc.,* 504 S.W.2d 514 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.). The breach of such a duty is negligence, and when the breach results in an injury, an actionable tort exists. *Rosas, supra.* However, the mere occurrence of a slip and fall does not imply negligence. *Franklin v. Safeway Stores, supra.*

■■■ The law is clearly established in this state that in a slip and fall case involving a foreign substance, the plaintiff must introduce evidence of the following elements: (1) that there was a foreign substance on the floor where the slip occurred; (2) that the defendant put the foreign substance on the floor; or, (3) that the defendant knew that the foreign substance was on the floor and willfully or negligently failed to remove it; or (4) that the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care. *See H. E. Butt Grocery Co. v. Johnson,* 226 S.W.2d 501, 502 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.); *Stockton v. Kroger Co.,* 559 S.W.2d 101, 102 (Tex.Civ.App.—Dallas 1977, no writ). Citation of numerous additional authorities is unnecessary. The parties are in agreement that this is the applicable law as to the burden of proof of evidentiary elements in a case of this nature. For reference the Court notes other grocery store slip and fall injury cases employing the above evidence standard: *Foodway, Inc. v. Lopez, supra; Swan v. Kroger Co.,* 452 S.W.2d 793 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.); *Newton v. General Manager of Scurlock's Supermarket,* 546 S.W.2d 76 (Tex.Civ.App.—Corpus Christi 1976, no writ); *J. Weingarten, Inc. v. Bradshaw,* 438 S.W.2d 435 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.); *Houtchens v. Kyle's Grocery Corp.,* 390 S.W.2d 325 (Tex.Civ.App.—Eastland 1965, writ ref'd n. r. e.).

■■■ The mere presence of a foreign substance on a floor is not sufficient to warrant an inference that the foreign substance was placed on the floor by the storekeeper, or that the storekeeper knew the foreign substance was on the floor and allowed it to remain there by negligently or willfully failing to remove it, or that the foreign substance had been on the floor for such a period of time that by the exercise of ordinary care the storekeeper could have discovered its presence and removed it. *Newton v. General Manager of Scurlock's Supermarket,* 546 S.W.2d 76 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Franklin v.*

---

1. Defendant's memorandum brief incorrectly quotes *McElhenny v. Thielepape,* 155 Tex. 319, 285 S.W.2d 940 (1956). Undoubtedly defendant intended to quote *Newton v. General Mana-* *ger of Scurlock's Supermarket,* 546 S.W.2d 76, 77 (Tex.Civ.App.—Corpus Christi, 1977, no writ).

*Safeway Stores, Inc.,* 504 S.W.2d 514 (Tex. Civ.App.—Dallas 1973, writ ref'd n. r. e.); *H. E. Butt Grocery Co. v. Tester,* 498 S.W.2d 683 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Foodway, Inc. v. Lopez,* 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); *Houtchins v. Kyle's Grocery Corp.,* 390 S.W.2d 325 (Tex.Civ.App.—Eastland 1965, writ ref'd n. r. e.); *Dill v. Holt's Sporting Goods Store,* 323 S.W.2d 644 (Tex. Civ.App.—Houston 1959, no writ). However circumstantial evidence may provide sufficient proof of facts necessary to establish a cause of action based on negligence. *J. Weingarten, Inc. v. Hochman,* 487 S.W.2d 159 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.); *Carney v. Kroger Co.,* 455 S.W.2d 329 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.). Although it is inappropriate to base one inference from another inference, it is appropriate that several conclusions or inferences may be drawn from the same facts. *Carney v. Kroger Co., supra.*

In this case Mrs. Clayton testified that she slipped on a slick greasy spot on the floor in front of the red meat counter. Plaintiff's husband testified as to the existence and nature of the foreign substance on the floor. In addition he testified that a butcher employed at the store identified the foreign substance as a meat and bone scrap tracked into the customer area from the butcher's cutting area.

The defendant entered rebuttal evidence into the record through Sergeant Lynch's deposition testimony that while helping plaintiff up off the floor he did not notice anything on the floor in the area where Mrs. Clayton fell, that he looked and saw nothing unusual on the floor. No direct testimony was entered into the record by any butcher employed by defendant, or by the store manager who dealt with the plaintiff and her husband concerning the incident. Defendant did present testimony from witness Harold Montgomery, a grocery department manager who testified as to the procedures of the butcher's department, the layout of the store, and the Commissary policy of cleaning and inspecting the floor in the customer retail area of the grocery department.

The plaintiff provided testimony in support of her claim that there was a foreign substance on the floor that caused her slip and fall and that the foreign substance was a meat and bone scrap. The evidence showed that the meat was cut and trimmed by the butchers in a back room of the Commissary in which customers were not allowed. A greasy substance composed of meat and bone scrap is not a salable item which might be placed on the floor by a customer's inadvertence. This testimony and evidence is sufficient to create a reasonable assumption and inference that the person causing the foreign substance of bone and meat scrap to be on the floor had to be an employee of the grocery of the Commissary who had been in the back room where the meat was trimmed of bone and fat. *Safeway Stores, Inc. v. Leck,* 543 S.W.2d 207 (Tex.Civ.App.—Waco 1976, no writ). There is no testimony that anyone saw an employee track a bone and meat scrap on his shoe from the back butcher room into the customer area in front of the meat counter, or that anyone saw a meat and bone scrap on the floor prior to the accident. However, plaintiff presented sufficient testimony and circumstantial evidence to support a finding of fact that there was a foreign substance on the floor and that the foreign substance was placed on the floor by an employee of defendant. Consequently this Court makes the findings of fact that there was a foreign substance on the floor, that this foreign substance was placed on the floor by defendant, and that the foreign substance caused the slip and fall of the plaintiff.

The central question before this Court is whether defendant's employee causing the foreign substance to be on the floor constituted negligence.

The evidence shows that in May 1976 at the time when Mrs. Clayton's slip and fall occurred there were certain operating procedures at the Commissary as to the inspection of floors. The accident occurred at approximately 10:30 a. m. Mr. Montgom-

ery, the grocery manager, testified during the trial that in May 1976 Mr. Philip Hunt, the store manager, would arrive at 7:00 a. m. At approximately 8:00 a. m. the store manager Mr. Hunt would inspect the store accompanied by the overall manager of the Commissary on an inspection tour. At 9:00 a. m. Mr. Montgomery would arrive and by himself inspect the grocery department which included the meat department. In addition Mr. Montgomery testified that it was the cleaning procedure at the Commissary that at night the floors were swept and mopped. Two nights a week the floors were waxed. In addition a day-time janitor was on duty five days a week. The Court takes judicial notice however that May 15, 1976, the date of the accident, was a Saturday, the day-time janitor's day off.

The evidence further indicates that it was Commissary procedure for the meat displays to be stocked by opening sliding doors at the back of the meat display, and not from the front of the display in the customer area. In testimony at trial Mr. Montgomery stated that the meat for the meat display was cut and trimmed in a processing room located in the back of the butcher's department with access allowed to employees only. In addition the grocery manager's deposition, and trial testimony in accordance with his deposition, admitted that he had observed foreign matter from the meat trimmings and deboning on the shoes of butchers in the processing room work area. He also had observed butchers in the customer area wearing their work uniforms, but had never noticed meat scraps on a butcher's shoes while in an area of the store open to the public.

Mr. Montgomery's deposition, filed in the record in this case, also stated that all employees are instructed that if there is something on the floor in the customer area of the store that shouldn't be there, it should be picked up immediately, or brought to the attention of someone to have it picked up. The employees of each section are directly responsible for the cleanliness of the floor in their section, and employees are generally responsible for overall cleanliness in the store.

On the occasion in question the plaintiff was obviously a business invitee. The Supreme Court of Texas has stated, "We recognize the rule that the occupier of premises holds a duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees, or to warn of the hazard." *J. Weingarten v. Razey,* 426 S.W.2d 538, 539 (Tex.1968). The Texas Supreme Court in the *Razey* opinion cited with approval Section 343 of the Restatement of Torts:

'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereof if, he

'(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and . . .

'(c) invites or permits them to enter or remain upon the land without exercising reasonable care

'(i) to make the condition reasonably safe, or

'(ii) to give a warning adequate to enable them to avoid the harm.

*J. Weingarten v. Razey, supra* at 539.

Plaintiff by admission relies heavily on the case of *Safeway Stores, Inc. v. Leck,* 543 S.W.2d 207 (Tex.Civ.App.—Waco 1976, no writ). The *Leck* case is important to plaintiff's position for two propositions. First the proposition, as previously discussed, that the relevant physical facts and circumstantial evidence lead to a reasonable assumption and inference that an employee of defendant placed the foreign substance on the floor.

The *Leck* case is also essential to plaintiff's position that the defendant's employee causing the foreign substance to be on the floor was negligence. The Court in *Leck* stated,

The evidence shows that all of Appellant's employees were instructed to check the aisles for debris during store business hours, and that any debris should be im-

mediately removed from the aisle floor. Manifestly, the appellant and its employees understood that any debris in the aisles created a hazardous situation and dangerous condition to the customers, and that such debris should be immediately removed because of the strong likelihood that an unsuspecting customer would step upon and slip and fall upon the debris and thereby cause bodily injury. *Safeway Stores, Inc. v. Leck, Inc., supra* at 210.

The evidence in the case now before the Court indicates that defendant's employees at the Commissary, as common sense dictates, were instructed to remove debris from the store floor, and were aware of the hazard and dangerous condition to customers which could result if foreign substances were allowed to linger on the floor.

This Court however finds the *Leck* case distinguishable. In *Leck* the jury found that it was negligence for the store to have strewn produce trimmings, celery leaves and lettuce leaves, scattered some six to eight feet on the floor of an aisle not in the produce section. In that case though the produce trimmings on the floor in that section of the store were not so open and obvious as to discharge the store's duty to warn or protect the shopper with respect to the floor's condition, the produce trimmings were of such a character that by using reasonable care the store would know or should have known of the dangerous condition and probability of injury.

The case now before this Court is more analogous to *J. Weingarten, Inc., v. Razey,* 426 S.W.2d 538 (Tex.1968). There is no evidence that the employees of the Commissary knew the foreign substance was on the floor prior to the fall of respondent. There is no evidence that the foreign substance had been on the floor such a length of time that defendant's employees should have discovered it. There is no evidence that the Commissary's procedures for handling meat and bone scraps in the butcher's area of the meat department were such that the defendant realized, or should have realized, that the procedures involved an unreasonable risk or hazard to its invitees. *See Razey, supra* at 539. Consequently, this Court holds that the evidence is insufficient to establish negligence and liability on the part of the defendant.

The Court enters a take nothing judgment for plaintiff.