The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant,

v.

W.D. STANDARD, Appellee.

No. 11–84–267–CV.

Court of Appeals of Texas, Eastland.

Aug. 22, 1985.

Rehearing Denied Sept. 26, 1985.

Supplemental Opinion Sept. 26, 1985.

Donald E. Herrmann, Hudson, Keltner, Smith, Brants & Sparks, Fort Worth, for appellant.

J. Donald Bowen, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, Geoffrey FitzGerald, Temple, for appellee.

## OPINION

McCLOUD, Chief Justice.

W.D. Standard sued his employer, the Atchison, Topeka and Santa Fe Railway Company (Santa Fe), for personal injuries under the Federal Employer's Liability Act, (FELA), 45 U.S.C.A. sec. 51 et seq. (1972). Plaintiff injured his back while working as a locomotive engineer on a work train. The injury occurred as plaintiff attempted to board the locomotive. The jury found that Santa Fe failed to provide plaintiff with a reasonably safe place to work and that such failure caused in whole or in part plaintiff's injuries. Judgment was entered against Santa Fe for a total of $272,500 in damages. We affirm on condition of remittitur.

In its first point of error, Santa Fe argues that the trial court erred by refusing to instruct the jury that foreseeability of harm is an element of negligence in FELA actions.

The trial court's charge included the typical definitions given of "ordinary care" and "negligence" in Texas common-law negligence causes of action. However, the customary Texas definition of "proximate cause," with its reference to the ingredient of "foreseeability," was correctly omitted in this FELA action. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). Therefore, the term "foreseeability" did not appear in the trial court's instructions. Santa Fe argues that this omission constitutes reversible error. We disagree.

The three essential elements of actionable negligence are a legal duty owed by one person to another, a breach of that duty, and damages proximately resulting from such breach. *Gray v. Baker & Taylor Drilling Company*, 602 S.W.2d 64 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). Negligence is no more than breach of a legal duty. *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex.1975). This "duty" is a duty to act as a reasonable prudent person under the same or similar circumstances, considering the reasonably foreseeable risk or probability of injury to persons situated as the plaintiff. *Northwest Mall, Inc. v. Lubri-Lon International, Inc.*, 681 S.W.2d 797 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

In recognizing foreseeability of harm as a necessary element of actionable negligence, the Supreme Court in *Houston Lighting & Power Company v. Brooks*, 336 S.W.2d 603, at 606–607 (Tex.1960) stated:

> Anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission.

We believe that under Texas law foreseeability is an ingredient in establishing both the scope of the duty owed, as a basis for negligence, and the scope of proximate cause.

While *Rogers* has eliminated proximate cause from consideration in FELA cases, reasonable foreseeability of harm still remains an "essential ingredient" of FELA negligence. *Gallick v. Baltimore and Ohio Railroad Company*, 372 U.S. 108, at 117, 83 S.Ct. 659, at 665, 9 L.Ed.2d 618 at 626 (1963). Texas and federal law are thus in agreement in their inclusion of foreseeability as an ingredient for determining negligence (i.e., duty). A plaintiff's

prima facie case in FELA actions must include all the same elements as are found in a common-law negligence action. Specifically, he still has the burden of proving that the "employer, with the exercise of due care, could have reasonably foreseen that a particular condition could cause injury...." *Armstrong v. Kansas City Southern Railway Company*, 752 F.2d 1110 (5th Cir.1985).

■ Santa Fe is correct in asserting that foreseeability of harm is a necessary ingredient in the determination of the scope of duty owed, and therefore, negligence, in this FELA cause of action. The same is true under Texas common-law negligence. However, the question of whether a defendant owes a plaintiff a legal duty is a question of law for the court, while resolution of a defendant's possible breach of a duty is a question of fact. *Welch v. Heat Research Corporation*, 644 F.2d 487 (5th Cir.1981); *Oldaker v. Lock Construction Company*, 528 S.W.2d 71, at 77 (Tex.Civ. App.—Amarillo 1975, writ ref'd n.r.e.). Therefore, an instruction to the jury on foreseeability, as it relates to a determination of the scope of the duty owed, would be improper.

We do not agree with plaintiff that *Dutton v. Southern Pacific Transportation*, 576 S.W.2d 782 (Tex.1978) controls. There, the court followed Rogers v. Missouri Pacific Railroad Company, supra, and held that the common-law "proximate cause" instruction is not proper in FELA cases. The court was concerned with causation and a violation of the Safety Appliance Act which creates "liability without regard to negligence."

Santa Fe has not been denied any substantive right. It was free, under Texas or federal law, to challenge the sufficiency of the evidence regarding the reasonable foreseeability of injury to Standard. The first point of error is overruled.

■ In Special Issue No. 8, the jury found damages of $120,000 for plaintiff's physical pain and mental anguish in the past; physical pain and mental anguish

which in reasonable probability plaintiff will suffer in the future; loss of past earnings; and loss of earning capacity which plaintiff will in reasonable probability sustain in the future. In connection with the special issue, the jury was instructed that it "could consider the effects of inflation, if any." Santa Fe objected to the instruction urging to the trial court that there was no evidence of inflation and that the instruction permitted the jury to speculate. We disagree.

In answer to written interrogatories, Santa Fe prepared plaintiff's Exhibit 21 which details plaintiff's "cost of living adjustments" from 1977 to 1984. This exhibit was admitted into evidence without objection. It is clear from the exhibit that the cost of living adjustments are based on "BLS Consumer Price Index." We hold that there is some evidence of inflation.

We point out that the "methodology" discussed in *Jones & Laughlin Steel Corporation v. Pfeifer*, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983) and *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir. 1983), is not in issue. We are not concerned with specific inflation forecasts or testimony regarding discount rates. Our only concern is whether or not Exhibit 21 constitutes some evidence of inflation. We hold that it does.

■ In connection with Special Issue No. 8, the trial court instructed the jury that "the amount of damages found by you will not be subject to any income tax and you should not consider such taxes in fixing the amount of damages." This is substantially the instruction that was approved in *Norfolk and Western Railway Company v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). In *Liepelt*, the words "your award" were used rather than "the amount of damages found by you." Santa Fe argues that the instruction was confusing and erroneous because *Pfeifer* holds that the worker's income tax should be deducted from his wages in calculating the lost income stream. The issue of calculating the lost income stream was discussed in *Liepelt*. The Supreme Court apparently

felt that the instruction was not misleading even though evidence of income taxes were admissible in calculating the income stream.

We hold that the instruction did not constitute reversible error. We think the jury could reasonably conclude from the instruction, which was given in connection with the damage issue, that only the final damage award would not be subject to income taxes and that the jury should not consider income taxes in determining the final award of damages.

■■■ Lastly, Santa Fe contends that the award of $12,000 for past medical and hospital care is excessive. We agree.

It is apparent that plaintiff intended to prove his past reasonable and necessary medical expenses by medical record affidavits. He was not able to present this proof. The only proof of past reasonable and necessary expenses is the testimony of Dr. Gary C. Hassmann that the reasonable and necessary charges for his services were $2,526. Plaintiff's testimony that the approximate cost of his medical care was $12,000 is insufficient to prove that the medical expenses were reasonable and necessary. *Dallas Railway & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956); *Monsanto Company v. Johnson*, 675 S.W.2d 305 (Tex.App.—Houston [1st Dist.] 1984, no writ). The award of $12,000 by the jury in Special Issue No. 6 is excessive and we will suggest a remittitur.

Since the only reason for reversal is the excessiveness of the $12,000 award for past reasonable and necessary medical and hospital care, we are required to indicate the amount by which we consider the damages excessive and give plaintiff a reasonable time within which to file a remittitur of such excess. TEX.R.CIV.P. 440; *Carter v. Texarkana Bus Company*, 156 Tex. 285, 295 S.W.2d 653 (1956).

We hold that Special Issue No. 6 is excessive in the amount of $9,474. The judgment of the trial court will be affirmed if plaintiff will file in this Court within 30 days hereof a remittitur in writing of

$9,474. If such remittitur is not filed, the judgment will be reversed and the cause remanded for a new trial.

Affirmed on condition of remittitur.

## SUPPLEMENTAL OPINION

W.D. Standard filed a remittitur of $9,474 on September 9, 1985, in compliance with the suggestion of a remittitur by this Court. The judgment of the trial court is reduced by the amount of such remittitur, and as so modified, the judgment of the trial court is affirmed.

Remittitur filed. Judgment modified and, as modified, affirmed.