**BLUEBONNET EXPRESS, INC., Appellant,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Appellee.**

**No. B14–82–128CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 9, 1983.

Douglas S. Johnston, Houston, for appellant.

E. Ray Edwards, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

## ON MOTION FOR REHEARING

MURPHY, Justice.

Appellee contends that in the absence of proper predicates to support Appellant's legal insufficiency points of error, this court must remand the case for a new trial instead of rendering judgment, citing *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538 (Tex.1968). In making this assertion, Appellee fails to recognize that Tex.R.Civ.P. 325 (Vernon 1977) was repealed in 1978, so that *Razey* no longer is viable authority for that proposition.

▪ Furthermore, Appellee asserts the interests of justice require a remand rather than a rendition of judgment for Appellant. It is within the wide discretion of appellate courts to remand after reversal. *Scott v. Liebman,* 404 S.W.2d 288, 294 (Tex.1966); *Gomez v. Gomez,* 577 S.W.2d 327 (Tex.Civ. App.—Corpus Christi 1979, no writ).

▪ In our opinion, a retrial merely would provide Appellee a second opportunity to conduct its lawsuit properly. Appellee possessed all the necessary proof of its claim, including records, insurance contracts, and witnesses, but failed to produce that evidence at trial. Justice is not served well by remanding every case which was tried on the wrong theory or in which the evidence was not fully developed. *Kissman v. Bendix Home Systems, Inc.,* 587 S.W.2d 675, 678 (Tex.1979). Appellee's Motion for Rehearing is overruled.

ROBERTSON, Justice, dissenting.

In a forceful motion for rehearing appellee raises seven assignments of error, five of which attack the substance of the majority's opinion. In its two additional assignments of error appellee contends:

1. The Court of Appeals erred in rendering judgment for the appellant instead of remanding the cause for a new trial as the appellant failed to file the proper predicate-laying motion entitling it to rendition.

2. The Court of Appeals erred in rendering judgment for the appellant instead of remanding the cause for a new trial in the interest of justice.

As authority for the first assignment of error set out above, appellee relies upon *J. Weingarten v. Razey,* 426 S.W.2d 538 (Tex. 1968). In that case the Supreme Court sustained the petitioner's no evidence point and reversed the judgment but refused to render because the petitioner failed to lay the proper predicate. Even though the petitioner in that case had filed a motion for instructed verdict, it did not assign the overruling of same as error in its motion for new trial—that being a procedural requirement then. The majority refuses to follow the cited case on the basis that since a motion for new trial is not now required, the case is no longer viable. I strongly disagree. The majority overlooks the simple fact that an appellate court is limited by the record in the relief it can grant. Appellant did not request rendition of judgment in the trial court and it is therefore precluded from having judgment rendered in its favor by the appellate court. Since the

majority remains convinced that this judgment must be reversed, the appellee, *as a matter of law,* is entitled to a remand for trial.

Appellee also contends that in the interest of justice this case should be remanded for trial. I agree with the majority that this is a matter of discretion, but I believe discretion would best be exercised by remanding for retrial rather than rendering judgment. This was a suit on a sworn account in which appellant filed a sworn denial. The only evidence introduced was done so by appellee (plaintiff); at appellant's request the court made the following pertinent findings from this evidence:

1. Plaintiff [appellee] sold and delivered and defendant [appellant] accepted various insurance policies and provided services under the policies to defendant [appellant].

2. The premium charged by plaintiff [appellee] on each policy was carried on an open account.

3. Such premiums charged were promulgated in a manual approved by the State Board of Insurance and used by plaintiff [appellee] and that such charges were the usual, customary or reasonable charges.

These findings are sufficient to sustain a suit on a sworn account. The majority's opinion held there was no evidence to prove the *contractual* amount owed. However, appellant failed to attack the finding that the premium charges were "the usual, customary, or reasonable charges" by point of error and has therefore waived its complaint about the state of the evidence on the amount of premiums. Thus, appellee presented evidence to prove a suit on an account.

While it is difficult to actually determine, it appears that the majority opinion treats this case as a suit on a contract. In this state of the record, I believe we abuse our discretion in not remanding for trial because appellee should be able to try its case upon the theory the majority has apparently said it must try it. *See Morrow v. Shotwell,* 477 S.W.2d 538, 542 (Tex.1972).

I respectfully dissent to the action of this court in overruling appellee's motion for rehearing because (1) appellant failed to lay a proper procedural predicate for raising a no evidence issue on appeal regarding the trial court "rendering judgment"; (2) appellant waived any error regarding the state of evidence of the premium amount owed because it failed to attack the trial court's finding the premium charges were "usual, customary, or reasonable charges"; and (3) we should remand this case for a new trial rather than render judgment for appellant.