**Jimmy Lynn HORROCKS and Beatriz Horrocks, Petitioners,**

v.

**TEXAS DEPARTMENT OF TRANSPORTATION, Respondent.**

No. D-3162.

Supreme Court of Texas.

April 14, 1993.

Rehearing Overruled June 9, 1993.

Robert C. Lyon, Rowlett, for petitioners.

Edward A. Jeffords, Dan Morales, Mark Heidenheimer, Austin, for respondent.

PER CURIAM.

We consider whether an appellate court may properly render judgment on the basis of a no evidence complaint raised solely by a motion for new trial.

Police officer Jimmy Horrocks sustained permanently disabling injuries when his motorcycle struck a truck leaf spring lying on the shoulder of Interstate 20 in Grand Prairie, Texas. Horrocks and his wife Beatriz sued, alleging the State negligently failed to remove or warn of a hazardous roadway condition. Following trial, a jury determined that the spring was a "special defect" under the Texas Tort Claims Act, that the State knew or should have known of the defect, and that the State's negligence proximately caused the accident. The trial court rendered judgment on the verdict.

Although failing to challenge the sufficiency of the evidence as to its actual knowledge of the spring by objecting to jury submissions or by moving for directed verdict, for judgment notwithstanding the verdict, or to disregard jury findings, the State complained in its motion for new trial that there was no evidence to support the verdict under a premises defect theory. This motion was overruled by the trial court. The court of appeals reversed and rendered judgment for the State, holding that the truck leaf spring was not a special defect as a matter of law and that there was no evidence to support liability on a premises defect theory. 841 S.W.2d 413.

The court of appeals erred in rendering judgment based on a no evidence point preserved solely in the State's motion for

new trial. Ordinarily, an appellate court should render judgment after sustaining a complaint as to the legal sufficiency of the evidence. *See National Life & Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969). However, in *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538 (Tex.1968), we sustained a no evidence point but nonetheless remanded for a new trial because "we do not have before us the appellate predicate for a rendition." *Id.* at 540. Here, the State also failed to lay such a predicate.

When reversing trial court judgments, "the [appellate] court shall proceed to render such judgment or decree as the court below *should have rendered....*" Tex. R.App.P. 81(c) (emphasis added). Because the State requested only a new trial on the premises defect theory, that was the only relief to which it was entitled. *See, e.g., First Am. Title Co. v. Prata,* 783 S.W.2d 697, 701 (Tex.App.—El Paso 1989, writ denied); *Hebisen v. Nassau Dev. Co.,* 754 S.W.2d 345, 348 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Garland v. Vasquez,* 734 S.W.2d 92, 97 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).[1] Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants the Horrocks' application for writ of error, reverses the judgment of the court of appeals and remands this case to the trial court for further proceedings in accordance with this opinion.

ENOCH, J., not sitting.

---

1. Because *Bluebonnet Express, Inc. v. Employers Ins. of Wausau,* 655 S.W.2d 327 (Tex.App.— Houston [14th Dist.] 1983, no writ) held to the contrary, it is disapproved.