OPINION HEADING PER CUR 









                NO. 12-06-00067-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

SUSAN
ROGERS,    §          APPEAL FROM THE 273RD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

JENNIFER
FOXWORTH AND

CYNDI
ROGERS,     §          SHELBY COUNTY, TEXAS

APPELLEES




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION








            Susan Rogers, administrator of the estate of Jesse
Rogers, appeals a probate order awarding $20,000.00 to Jennifer Foxworth and
Cyndi Rogers, the decedent’s daughters. 
In four issues, she contends the evidence is legally and factually
insufficient to support the claim and her retirement account is not part of
Jesse Rogers’s estate.  We reverse and
remand for further proceedings. 

Background

            Jesse married Susan in August of 1988.  At the time of the marriage, Jesse owned a
home in Nacogdoches, and Susan owned a home in Center, 43 miles away.  The couple lived in Jesse’s Nacogdoches home
on weekends and during the summers. 
Throughout the school year, they lived in Susan’s Center home during the
work week because she was employed as a teacher by the Center Independent
School District.  

            Jesse died intestate in September of 2001.  Jesse’s heirs included Susan and his two
daughters from a previous marriage, Jennifer Foxworth and Cyndi Rogers.  See Tex.
Prob. Code Ann. § 38(b) (Vernon Supp. 2006).  The County Court, exercising its probate
jurisdiction, appointed Susan as dependent administrator of Jesse’s
estate.  








            In early 2004, the probate proceeding was transferred
from the County Court to the 273rd District Court in Shelby County.  Later in 2004, the daughters filed a claim
for economic contribution against the estate. 
See Tex. Fam. Code Ann.
§ 3.403 (Vernon 2006).  In their claim,
they alleged contributions had been made from Jesse’s community property for
the benefit of Susan’s separate property home in Center and her teacher
retirement account. 

            At trial, it was established Susan owed $23,200.27 on her
Center home in August of 1988.  In August
of 2000, she owed $7,149.42.  It was
undisputed that Susan paid the balance remaining at that time with her separate
property funds.  The balance in Susan’s
teacher retirement account was $7,617.70 in August of 1988.  In September of 2001, it was $49,615.66. 

            Following a hearing on the claim, the district court
ordered that the two daughters recover $20,000.00 from the estate for community
contributions by Jesse to Susan’s separate property.  Susan, as administrator of the estate, timely
appealed to this court.  

 

Susan’s Center Home

            In her first and fourth issues, Susan contends that the
evidence is legally and factually insufficient to support the district court’s
order that the daughters are entitled to recover for Jesse’s community property
contributions to her separate property home in Center.  She does not dispute that community property
contributions were made to pay down the debt on the home.  Rather, she contends that, to recover, the
daughters had to show an increase in the net equity of the home, which they did
not do.  

 

Standard of Review

            Although Susan requested findings of fact and conclusions
of law,  the district court did not enter
findings and conclusions.  Under this
circumstance, findings and conclusions necessary to support the order must be
implied and the order affirmed on any legal theory that finds support in the
evidence.  See BMC Software Belg.
N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).  When, as here, the appellate record includes
the clerk’s and reporter’s records, these implied findings are not conclusive
and may be challenged for legal and factual sufficiency in the appropriate
appellate court.  Id.  For legal sufficiency issues, if there is
more than a scintilla of evidence to support the finding, the no evidence
challenge fails.  Id.  In considering whether the evidence is
factually sufficient to support the implied findings, we consider and weigh all
of the evidence, including any evidence contrary to the trial court’s
order.  See Zeptner v. Zeptner,
111 S.W.3d 727, 737 (Tex. App.–Fort Worth 2003, no pet.) (op. on reh’g).

Applicable Law 

            A marital estate that makes an economic contribution to
property owned by  another marital estate
has a claim for economic contribution with respect to the benefited
estate.  Tex. Fam. Code Ann. § 3.403(a) (Vernon 2006).[1]  The formula for calculating the amount of the
economic contribution of one marital estate to property owned by another
marital estate is set forth in Section 3.403, subsections (b) and (b-1) of the
Family Code.  Calculation of that amount
requires proof of the equity in the benefited property on the date of the
spouse’s death, the amount contributed to the separate property by the
contributing spouse, and the amount contributed by the benefited estate.  Id. § 3.403(b).  Further, the calculation must include a
determination of the net equity in the separate property at the time of the
economic contribution by the community estate. 
See id. § 3.403(b-1)(2)(A), (B).  “Equity” is “the amount computed by
subtracting from the fair market value of the property as of a specific date
the amount of a lawful lien specific to the property on that date.”  Id. § 3.401(3).

Discussion 

            Susan specifically contends that the evidence is
insufficient to support the daughters’ economic contribution claim because no
evidence was introduced to establish the increased net equity in her Center
home.  Citing Family Code Section
3.402(a)(1), the daughters contend that they had to show only the reduction of
the principal of the debt.  See id.
§ 3.402(a)(1).  However, that
section merely defines “economic contribution.” 
The formula to establish the amount of a claim for economic contribution
is found exclusively in Section 3.403, subsections (b) and (b-1).  See id. § 3.403(b), (b-1).  Equity is the first factor that must be
established in a claim for economic contribution.  See Moroch v. Collins, 174
S.W.3d 849, 866 (Tex. App.–Dallas 2005, pet. denied).  








            The daughters further contend that,
in addition to Family Code authority, they could also recover their claim based
on economic contribution under the common law. 
We disagree.  Our supreme court
held before the enactment of Family Code Section 3.403 “that a claim for
reimbursement for funds expended by an estate for improvements to another
estate is to be measured by the enhancement in value to the benefited estate.”  Anderson v. Gilliland, 684
S.W.2d 673, 675 (Tex. 1985).  

            We have examined the record and
agree with Susan that the increased net equity in her Center home has not been
established.  Without this necessary
component of the formula, it is impossible to calculate the amount of
reimbursable economic contribution to Susan’s separate property.  Thus, there is no evidence to support the
award to the extent it represents Jesse’s community contributions toward
reduction of the note on Susan’s Center home. 
Because the daughters did not establish the net equity in Susan’s Center
home, we sustain Susan’s first and fourth issues.  

 

Susan’s Teacher Retirement

            In her second and third issues,
Susan contends that the trial court erred as a matter of law in approving the
daughters’ claim for economic contributions to her teacher retirement
account.  Among other arguments, she
asserts that the daughters are not entitled to recoup Jesse’s contributions to
her retirement account because his interest in her retirement account
terminated upon his death.  

            The teacher retirement plan is part
of the public retirement system in Texas. 
Tex. Gov’t Code Ann. §
804.001(3) (Vernon 2004).  “Alternate
payee” can be a “spouse” or “former spouse.” 
Id. § 804.001(1).  “The
death of an alternate payee as defined in Section 804.001 or the death of a
spouse of a member or retiree of a public retirement system to which this
chapter applies shall terminate the interest of the alternate payee or spouse
in that public retirement system.”  Id.
§ 804.101.

            The daughters contend that this is
not fair because when a marriage is terminated by divorce, contributions to a
spouse’s retirement plan can be considered in dividing the marital
property.  However, death is a different
matter according to the legislature.  See id.  We sustain Susan’s second and third
issues.  

Conclusion

            The evidence is insufficient to
support a claim for economic contribution for community funds used to reduce
the note on Susan’s Center home and, as a matter of law, the daughters are
barred from recouping contributions made to Susan’s retirement fund.  In her motion for new trial, Susan requested
a new trial, not rendition.  Therefore, a
new trial is the relief to which she is entitled.  See Horrocks v. Texas Dep’t of Transp.,
852 S.W.2d 498, 499 (Tex. 1993). 

            We reverse and remand
the case to the trial court for further proceedings consistent with this
opinion.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered January 24 , 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                                                                            

(PUBLISH)











[1]  Although found in the
Family Code, the provisions prescribing claims for economic contribution apply
to cases settling the estate of a deceased spouse.  See Tex.
Fam. Code Ann. § 3.403(b) (Vernon 2006)
(includes date of death of a spouse in the formula for determining the amount
of the claim).  This furthers the
traditional common law position that, upon dissolution of the community,
reimbursement is required for the expenditure of community funds to enhance the
value of separate property of the other spouse whether dissolution is caused by
death or divorce.  Burton v. Bell,
380 S.W.2d 561, 565 (Tex. 1964).