Opinion issued June 14, 2007


 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00088-CV






JOHN EL-KHOURY, Appellant


V.


BENJAMINE KHEIR, Appellee






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2001-64663






CONCURRING AND DISSENTING OPINION


 I join the panel's opinion on the merits. I dissent solely from the ruling
remanding this case to the trial court for retrial despite the holding that the jury's
finding of actual damages is supported by no evidence, a ruling the panel
acknowledges vitiates the entire verdict. 

 As the panel opinion states, under the Texas Rules of Appellate Procedure, a
legal-sufficiency challenge would ordinarily "result in rendition of the judgment that
the trial court should have rendered." See Tex. R. App. P. 43.3. Nevertheless, it
concludes, "[t]hough no evidence supports . . . the $25,000 damages award . . . we
must remand for new trial . . . because El-Khoury preserved his 'no evidence'
complaint by moving for a new trial." The opinion acknowledges that this was a
proper means of preserving the issue. (1) However, because appellant preserved his
legal sufficiency challenge in a motion for new trial, the panel believes itself bound
by the supreme court's rulings in Werner v. Colwell, 909 S.W.2d 866 (Tex. 1995),
and Horrocks v. Tex. Dep't of Transp., 852 S.W.2d 498 (Tex. 1993), "not [to] enlarge
the relief preserved through the method that El-Khoury chose." (2) See Werner, 909
S.W.2d at 870; Horrocks, 852 S.W.2d at 499. Therefore, it holds that we must
"remand for a new trial."

 I would hold that Texas Rule of Appellate Procedure 43.3, effective September
1, 1997, controls the disposition of this appeal and that to the extent Werner and
Horrocks conflict with its mandate, these opinions have been overruled by the later-enacted rule. Rule 43.3 provides: 

 When reversing a trial court's judgment, the court must render the
judgment that the trial court should have rendered, except when:

 

 (a) a remand is necessary for other proceedings; or


 (b) the interests of justice require a remand for another trial.


Tex. R. App. P. 43.3 (eff. Sept. 1, 1997) (emphasis added). 

 This is not a case where "a remand is necessary for other proceedings,"
justifying remand under Rule 43.3(a). See Tex. R. App. P. 43.3(a). Exactly the
opposite is the case: other proceedings are made necessary solely by the remand. 
Indeed, as the panel acknowledges, under the substantive law, "we may not order a
separate trial solely on the issue of damages when, as here, the parties contested
liability at trial" and "[l]ack of legally sufficient evidence to support the jury award
of damages thus necessarily vitiates . . . the entire verdict on Kheir's defamation
claim." Nevertheless, following Werner and Horrocks, the panel remands the case
for a second trial on both damages and liability. 

 Nor is this a case where "the interests of justice require a remand for another
trial," justifying remand under Rule 43.3(b). See Tex. R. App. 43.3(b). Again,
exactly the opposite is the case: injustice is necessarily engendered by remanding this
case. Instead of rendition, appellee gets a second bite at the apple in which to try to
correct the legal deficiencies that required rendition. If he succeeds, everyone will
have been put to the expense of two trials on the same underlying facts with no newly
discovered evidence, or other justifying factor, but with conflicting results. If he
fails, everyone will have been put to the expense of two trials in a redundant exercise
in futility. Remand is, therefore, both wasteful and unjust. 

 Remand of this case contravenes not only Rule 43.3 but also the mandate of
Texas Rule of Civil Procedure 1, which states:

 The proper objective of rules of civil procedure is to obtain a just,
fair, equitable and impartial adjudication of the rights of litigants
under established principles of substantive law. To the end that
this objective may be attained with as great expedition and
dispatch and at the least expense both to the litigants and to the
state as may be practicable, these rules shall be given a liberal
construction.


Tex. R. Civ. P. 1 (emphasis added). Proper application of the substantive law in this
case requires judgment as a matter of law, for which the proper remedy is rendition. 
Remand in lieu of rendition elevates the method of preservation of a point of law over
the substantive requirements of the law. 

 Since neither of the exceptions justifying remand under Rule 43.3 applies to
this case, and since remand contravenes Rule 1 as well, I would render judgment in
favor of appellant in accordance with Rule 43.3.

 Nor is it clear that the supreme court intended Horrocks and Werner to have
the effect they have had in this case. The supreme court's sole rationale for its
holding in Horrocks--a per curiam case on which no oral argument was held--was
that "[b]ecause the State requested only a new trial on the premises defect theory, that
was the only relief to which it was entitled." 852 S.W.2d at 499 (citing to
intermediate appellate cases). In Werner, the supreme court offered no rationale at
all, other than Horrocks, for its decision to remand. It merely stated in a footnote,
"[D]espite the fact that there is no evidence to support the verdict, we can only
remand for new trial because Eastex did not request rendition of judgment in the trial
court," (3) and it cited to Horrocks. (4) Werner, 909 S.W.2d at 870 n.1.

 The supreme court has not reiterated the rule in Horrocks and Werner since
1995, when it decided Werner. The only time it has cited to either case on this point
since then was its citation to Horrocks in Southwestern Bell Tel. Co. v. Garza for the
proposition that "[o]rdinarily, an appellate court should render judgment after
sustaining a complaint as to the legal sufficiency of the evidence." Garza, 164
S.W.3d 607, 626 n.58 (Tex. 2004) (quoting Horrocks, 852 S.W.2d at 499) (emphasis
added). Garza's statement of the rule in Horrocks is misleading if Horrocks actually
stands for the proposition that an appellate court must remand a case for retrial after
sustaining a no-evidence complaint preserved only in a motion for new trial. 
Nevertheless, Horrocks and Werner continue to be followed by the intermediate
courts of appeals, as here, and remands continue to be ordered on rendition cases. 
See, e.g., Hassan v. Greater Houston Transp. Co., No. 01-05-00494-CV, 2007 WL
495242 (Tex. App.--Houston [1st Dist.] Feb. 16, 2007, mot. for reh'g pending);
Broomfield v. Parker, No. 12-06-00208-CV, 2007 WL 677819 (Tex. App.--Tyler
Mar. 7, 2007, no pet. h.) (mem. op.).

 I would hold that to the extent Horrocks and Werner require remand under the
circumstances of this case they were overruled by the supreme court's adoption of
Rule 43.3. However, should the supreme court determine that Horrocks and Werner
do govern this case and were not overruled by the enactment of Rule 43.3, I urge the
court to overrule those cases for the reasons set out above and to mandate that Rule
43.3 be followed in all cases in which rendition of judgment is appropriate.















 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Justice Keyes, concurring and dissenting.
1. See Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991) (holding that an attack based
on legal sufficiency of evidence supporting a jury finding may be preserved for appeal
by (1) a motion for directed verdict; (2) a motion for judgment notwithstanding the
verdict; (3) an objection to the charge; (4) a motion to disregard the finding; or (5) a
motion for new trial).
2. In his Motion for New Trial, El-Khoury actually prayed "that this Court set aside the
judgment in this cause and order a new trial in the interest of justice and fairness or
sign a judgment notwithstanding the verdict for John El-Khoury," thereby requesting
rendition of judgment. See Tex. R. Civ. P. 300.
3. Notably, Werner was a personal injury case in which judgment was had against an
employer and an ERISA plan that had numerous procedural defects, including the
entry of judgment against the trustee of the plan, who had neither been named as a
party nor served, as required to bind the plan. Thus, remand could have been justified
even under the exceptions to current Rule 43.3, both because other proceedings were
necessary and because justice required remand.
4. I reiterate that, in this case, El-Khoury actually did seek rendition in his motion for
new trial by requesting that the trial court set aside the judgment and sign a judgment
notwithstanding the verdict.